MR. JUSTICE HARRISON,
dissenting:
I dissent.
I believe that allowing the county attorney to speak at the jury view was error. However, I do not believe his answering a few limited questions prejudiced the rights of defendant in any way. As a result, I would affirm the conviction.
The comments made by the county attorney at the jury view came after testimony had been received in the courtroom regarding the positions of the bar patrons, the body, and the bullet holes. All of this had been explained and diagrammed in detail by the State’s witnesses. Defendant’s contention at trial was that he had used reasonable force and acted in self-defense. The matters clarified at the jury view were never in dispute. In fact, defense counsel did not object to the jury view procedure either before or after the *176 jury view. He raised the issue for the first time after the conviction on a motion for new trial.
It is true defendant was not present at the jury view. But his absence did not deprive him of his constitutional right to confront the witnesses against him. Defendant did not demand or even ask to be present. This Court held in State v. Cates (1934), 97 Mont. 173, 33 P.2d 578, that a defendant may waive his right to be present at a jury view by not objecting if the jury view does not amount to the taking of testimony. Here, the statements made by the county attorney could not be classified as the taking of testimony. The county attorney merely confirmed that the jury’s observations were in accord with the testimony of prior witnesses; testimony which, of course, was taken at the trial in the presence of the defendant.